United States District Court
Eastern District of Michigan
Southern Division

Case: 2:24-cv-11155
Assigned To : Murphy, Stephen J., III
Referral Judge: Grand, David R.
Assign. Date : 5/1/2024
Description: CMP ERIC MARTIN V RYAN SASS ET AL (SS)

Eric Martin,
 Petitioner,

v.

Ryan Sass, Robert Herrst, Rachel L. McDuffie, Erane Washington,

Constitutional Common Law Petition For Habeas Corpus Pursuant To Article 1, Section 9 of The U.S. Constitution

Petitioner, Demands an order(s) to respondents Ryan Sass,

POOR QUALITY ORIGINAL

Robert Herrst, to return my private property motorcycle, a 1982 Honda 250 cm, to me, order Erane Washington to cease conspiring with respondents <u>sass, herrst</u>, in the deprivation of my motorcycle (by her failure to order them to return it to me when I demanded she do so), and therefore that Erane Washington be ordered by this Court to order Sass, Herrst, to return my motorcycle to me ~~[illegible]~~ immediately, and that Erane Washington stop conspiring with respondents Sass, Herrst, Mc Duffie, in the malicious prosecution (in the so-called state, criminal case STATE OF MICHIGAN v. ERIC MARTIN, no. 23S 00425 in the 14-B District so-called Court, 7200 S Huron River Dr, Ypsilanti, Mi 48197) for my exercising My Right To Tra-

vel on my private property motorcycle by her ordering the above case be dismissed in my favor, and Order respondent Rachel L. McDuffie, to dismiss the above-listed case in my favor, based on the following:

1. The above-listed case is all about my exercising My God-Given, Human, Natural, Common Law, and Constitutional Due Process Right to Travel on my private property motorcycle without a drivers license license, registration, insurance, but which I dont need because its my Due Process Right to Travel on my Private Property without someone elses permission, license, etc.

The Michigan State ~~State~~ ~~ate(s)~~ ~~that~~

ute(s) that suppose otherwise are Unconstitutional, invalid.

2. As the U.S. Supreme Court said in Packard v. Banton, 44 S.ct 259 (1923), the public roads belong to the public and the legislature can only regulate the use of the roads when using the roads for profit (which i wasnt doing). See attached page 259 of the Packard case.

3. Also, 18 U.S.C. 31(6)(10) defines a motor vehicle as one mechanically drawn <u>and</u> used for profit.

4. Article VI of The U.S. Constitution holds Laws of The United States (which are federal statutes - such as 18 U.S.C 31(6)(10), treaties, The U.S. Constitution,

4

is The Supreme Law of The Land. Therefore, this federal statute definition of a motor vehicle is superior to, overriding, Michigans state statutes definition of a motor vehicle (which doesnt mention the requirement for profit) and which means i wasnt driving a motor vehicle (which is a necessary element for the so-called criminal charge(s)).

5. Also, from the start of the above case, my Due Process Rights have been violated in several ways, and therefore the respondents lost any jurisdiction they think they had over me, though in reality they never had it from the start. For example, they are fraudulently portraying me as a defendant, legal-fiction corp-

5

-orate entity, which is really just the all-capital lettered name ERIC MARTIN, in violation of my Right to be One of The Sovereign People (which I am) and to a Republican Form of Government, art. IV, Sec. IV, of U.S. Constitution.

6. Based on the above reasons (and many more), and because I am One of The Sovereign People and every other Constitutional Rights violations respondents committed, they never had any jurisdiction over me, but are fraudulently acting as if they do, without my consent, which also violates The Declaration of Independence of 1776, etc.

7. The plaintiff in the so-called above-listed criminal case

is The STATE OF MICHIGAN. Art. III. Sec. 2, of The U.S. Constitution holds "In all Cases in which a State shall be Party, the supreme Court shall have original Jurisdiction."

That means only the U.S. Supreme Court has original jurisdiction, but the so-called court acting (fraudulently) as if they have original jurisdiction in the relevant case is the Ypsilanti District State Court. Therefore, they dont have, never had legit, jurisdiction in the case.

I declare that the foregoing is true and correct to the best of my information, knowledge, belief.

7

<u>4-21-24</u>
Dated

Eric Martin
Eric Martin
Petitioner
One of The
Sovereign People

8

to show cause at
urt denied a mo-
lite, and dis-
quity, without

at the District
tion because the
not exceed the
ode, § 24, subd.
ill discloses that
ute sought to be
ct of materially
aditures, as well
n other respects.
terms, are that
ersy exceeds $3,-
led in the lower
appellant is the
cles, the income
ed, if the law be
$18.50 each per
ess would other-
f the suit is to
the statute, and
ject thus sought
es the amount in
Ward, 2 Black,
y Co. v. Kuteman,
503; Nashville,
McConnell (C. C.)
Donald, 165 U. S.
L. Ed. 648; City
m, 118 Fed. 399,
son v. Spaulding,
A. 263, 9 L. R. A.
ton Exchange,
529, 51 L. Ed.

filed, tending to
cident to compli-
d be less than al-
appears that the
llant to carry on
e restraint of the
dictional amount.
ary contention is
sustained, because
and complete rem-
the question may
s fully in a crim-
e statute as in a
al rule undoubted-
y is without juris-
l proceedings, un-
a party to a suit
to try the same
re. In re Sawyer,
Sup. Ct. 482; 31 L
m Manufacturing
U. S. 207, 217, 2

t "a distinction ob
liction exists to re
ons under uncon
hen the prevention
sential to the safe
operty." Truax

Raich, 239 U. S. 33, 37, 38, 36 Sup. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283. The question has so recently been considered that we need do no more than cite Terrace v. Thompson, 263 U. S. 197, 44 Sup. Ct. 15, 68 L. Ed. —, decided November 12, 1923, where the cases are collected, and state our conclusion that the present suit falls within the exception and not the general rule. Huston v. City, 176 Iowa, 455, 464, 156 N. W. 883; Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169.

[5] 3. We come then, to the question whether the statute assailed contravenes the provisions of the Fourteenth Amendment. That the selection of cities of the first class for the application of the regulations and the exclusion of all others is not an unreasonable and arbitrary classification does not admit of controversy. Hayes v. Missouri, 120 U. S. 68, 7 Sup. Ct. 350, 30 L. Ed. 578. We cannot say that there are not reasons applicable to the streets of large cities—such

*144

as *their use by a great number of persons or the density and continuity of traffic—justifying measures to safeguard the public from dangers incident to the operation of motor vehicles which do not obtain in the case of the smaller communities.

[6] The contention most pressed is that the act unreasonably and arbitrarily discriminates against those engaged in operating motor vehicles for hire in favor of persons operating such vehicles for their private ends, and in favor of street cars and motor omnibuses. If the state determines that the use of streets for private purposes in the usual and ordinary manner shall be preferred over their use by common carriers for hire, there is nothing in the Fourteenth Amendment to prevent. The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary, and, generally at least, may be prohibited or conditioned as the Legislature deems proper. Neither is there substance in the complaint that street cars and omnibuses are not included in the requirements of the statute. The reason, appearing in the statute itself, for excluding them is that they are regulated by the Public Service Commission Laws, and this circumstance, if there were nothing more, would preclude us from saying that their noninclusion renders the classification so arbitrary as to cause it to be obnoxious to the equal protection clause. Decisions sustaining the validity of legislation like that here involved are numerous and substantially uniform. Among them we cite the following: Nolen v. Riechman (D. C.) 225 Fed. 812, 818; Schoenfeld v.

Seattle (D. C.) 265 Fed. 726, 730; Lane v. Whitaker (D. C.) 275 Fed. 476, 480; Huston v. City, 176 Iowa, 455, 468, 156 N. W. 883; City of Memphis v. State, 133 Tenn. 83, 89, 179 S. W. 631, L. R. A. 1916B, 1151, Ann. Cas. 1917C, 1056; Ex parte Dickey, 76 W. Va. 576, 578, 85 S. E. 781, L. R. A. 1915F, 840; Melconian v. City of Grand Rapids, 218 Mich. 397, 403, 188 N. W. 521; State v. Seattle Taxicab & Transfer Co., 90 Wash. 416, 423, 156 Pac. 837; Donella v. Enright et

*145

al. (Sup.) *195 N. Y. Supp. 217; People v. Martin, 203 App. Div. 423, 197 N. Y. Supp. 28, where the statute now under review was sustained against the attacks here made as to its constitutionality. And see Fifth Avenue Coach Co. v. New York, 221 U. S. 467, 31 Sup. Ct. 709, 55 L. Ed. 815; Pacific Express Co. v. Seibert, 142 U. S. 339, 353, 12 Sup. Ct. 250, 35 L. Ed. 1035.

[7, 8] It is asserted that the requirements of the statute are so burdensome as to amount to confiscation, and therefore to result in depriving appellant of his property without due process of law. The allegation is that the rate of premium fixed by insurance companies operating in New York amounts to about $18.50 per week for each taxicab, while the net income from each is about $35 per week. The operator, under the statute, however, is not confined to this method of security, but instead may file either a personal bond with two approved sureties or a corporate surety bond. Appellant says that he cannot procure a personal bond, but it does not appear that he might not procure the corporate surety bond at a less cost. Affidavits filed below on behalf of appellees tend to show that insurance policies in mutual casualty companies may be secured for $540 a year, and that operators of upwards of a thousand cars have furnished personal bonds. The fact that, because of circumstances peculiar to him, appellant may be unable to comply with the requirement as to security without assuming a burden greater than that generally borne, or excessive in itself, does not militate against the constitutionality of the statute. Moreover, a distinction must be observed between the regulation of an activity which may be engaged in as a matter of right and one carried on by government sufferance or permission. In the latter case the power to exclude altogether generally includes the lesser power to condition and may justify a degree of regulation not admissible in the former. See Davis v. Massachusetts, 167 U. S. 43, 17 Sup. Ct. 731, 42 L. Ed. 71.

Affirmed.

Eric Martin
9074 Clippert St.
Taylor, MI 48180

METROPLEX MI 480
27 APR 2024 PM 6 L

To:
Court Clerk
U.S. District
Court
231 W Lafayette
Blvd
Detroit, MI 48226

RECEIVED
MAY - 1 2024
CLERK'S OFFICE
DETROIT